[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married on May 20, 1986, in Copake, New York. This was the second marriage for both parties. By complaint dated August 24, 1999, the plaintiff (wife) instituted this action claiming a dissolution of marriage, alimony, counsel fees, an equitable division of the assets and other relief as law and equity might provide.
No children were born issue of this marriage. The plaintiff is age 64 and in good health. The defendant is age 74 and in good health. CT Page 6681
At the time of the marriage the defendant owned two residential properties: 36 East Main Street, Salisbury, Connecticut and 25 Oriole Road, Copake, New York. The plaintiff currently resides at the Salisbury address and the defendant at the Copake address. The defendant is presently retired and the plaintiff is working in the housekeeping department of a local convalescent home and indicated a desire to retire in the near future.
The relationship of the parties began to deteriorate in the 1990-1991 time frame. In 1991 the parties opened separate bank accounts and that structure has not changed. Both of the parties have family in Poland, residences in that country and have made frequent trips there.
The testimony over the two days of the trial was asymptotic on most of the issues and convergent on other issues. The conclusion of the court is that both parties must share responsibility for the breakdown of the marriage. The testimony of the plaintiff is found to be more credible than that of the defendant.
The court, having heard the testimony of both parties, and having considered the evidence, testimony and claims of law presented at the hearing, as well as the factors enumerated in Chapter 815j of the Connecticut General Statutes, hereby makes the following findings and enters the following orders:
FINDINGS:
1. That it has jurisdiction.
 2. That the allegations of the complaint are proven and true.
 3. That the marriage of the parties has broken down irretrievably, and that ample evidence exists that both parties must bear some responsibility for the breakdown. Based upon the testimony of the plaintiff, however, which the court finds to be credible, and upon the court's observations of the demeanor of the defendant throughout the trial, the court further finds that the defendant is primarily at fault.
 4. That notwithstanding the length of the marriage and the situations of the respective parties, neither party has sought alimony from the other, and that each party has a demonstrated earning capacity and CT Page 6682 sufficient sources of income.
5. That the parties have lived separate and apart since July 1999.
 6. That the fair market value of the marital residence located at 36 East Main Street, Salisbury Connecticut is $75,000; and that is the equity in the premises. The court finds that the defendant owned the property prior to the date of the marriage and brought the asset to the marriage. The court further finds that both parties contributed to the maintenance of the property, but that for some time, the plaintiff has contributed more to its maintenance, and, therefore, she is entitled to a greater share of the net equity.
 7. That the fair market value of the premises located at 25 Oriole Road, Copake, New York is $59,900; and that is the equity in the premises. The court finds that the defendant owned the property prior to the date of the marriage and brought the asset to the marriage.
 8. That during the course of the marriage, the plaintiff purchased a residence in Poland. The court further finds that the defendant made no contribution to the acquisition of this asset and that it would be equitable and appropriate that the wife retains her interest therein free and clear of any claim by the defendant.
 9. That during the course of the marriage, the defendant purchased a residence in Poland. The court further finds that the plaintiff made no contribution to the acquisition of this asset and that it would be equitable and appropriate that he retains his interest therein free and clear of any claim by the defendant.
 10. That over the course of a sixteen year marriage both parties have made significant monetary and non-monetary contributions to the acquisition, maintenance, and preservation of marital assets, on which contributions it is difficult to place a value; while some evidence was introduced regarding specific monetary contributions by each party during the marriage, and while these were considered by the court CT Page 6683 in arriving at its decision, the length of marriage, as well as the ages and status of the respective parties were very significant factors.
ORDERS:
DISSOLUTION OF MARRIAGE
The marriage of the parties is hereby dissolved and they are each hereby declared to be single and unmarried.
ALIMONY
Neither party shall pay alimony to the other, since they both are capable of supporting themselves and neither party has sought an award of alimony from the other
MEDICAL INSURANCE
Each party shall be responsible for their own medical insurance coverage and any unreimbursed medical expenses.
REAL PROPERTY — 36 EAST MAIN STREET, SALISBURY, CONNECTICUT
The plaintiff shall have exclusive possession of the property located at 36 East Main Street, Salisbury, Connecticut subject to any existing indebtedness, and she shall be responsible for the payment of all taxes, and insurance, and shall indemnify and hold the defendant harmless from any further liability thereunder. The parties shall list same for sale no later than August 1, 2001, with a mutually acceptable broker who is a member of the Multiple Listing Service or other similar organization, familiar with real estate values in the Salisbury area, at a mutually agreed upon listing price. If the parties are unable to agree upon a listing price, each shall choose a broker who, in turn shall pick a third broker, and the listing price shall be the average of all three brokers. Unless the parties shall otherwise agree, they shall accept any bona fide offer without unusual conditions, which is within 5% of the listing price. Upon sale of the property, from the proceeds shall be paid the customary and ordinary costs associated with a sale of real estate, including broker and attorney fees, conveyance taxes, fix-up expenses, and any taxes and liens. After the payment of these sums, the net proceeds shall be divided 70% to the plaintiff and 30% to the defendant.
The foregoing notwithstanding, prior to listing of the property for sale, the plaintiff shall have the exclusive right to purchase the Salisbury property from the defendant for the sum of $20,000. She must CT Page 6684 give notice in writing to the defendant on or before July 1, 2001, that she intends to purchase his interest in the real property, and she must be prepared to close title within ninety (90) days of her notice to the defendant of her intention to purchase. The defendant shall, in turn, transfer this property to the plaintiff by means of a fully executed quit claim deed together with a completed conveyance tax form.
While she occupies same, the plaintiff shall have the sole responsibility for repairs costing $250 or less. Both parties shall share the cost of any maintenance, repairs, or replacements in excess of $250 in the same proportion as their share of the net proceeds. Either party may advance the full cost of same and an adjustment shall be made at time of sale or transfer. Neither party shall further encumber the property nor draw on any home equity without the agreement of the other. The court shall retain jurisdiction with regard to any conflicts arising out of this issue.
REAL PROPERTY — 25 ORIOLE ROAD, COPAKE, NEW YORK
The defendant shall retain the property located at 25 Oriole Road, Copake, New York free and clear of any claim by the plaintiff.
REAL PROPERTY — DEFENDANT'S PROPERTY IN POLAND
The defendant shall retain the real property in his name in Poland free and clear of any claim by the plaintiff.
REAL PROPERTY — PLAINTIFF'S PROPERTY IN POLAND
The plaintiff shall retain the real property in her name in Poland free and clear of any claim by the defendant.
PERSONAL PROPERTY
All home furnishings and personal property located at the residence at 36 East Main Street, Salisbury, Connecticut, shall be the property of the plaintiff All home furnishings and personal property located at the residence at 25 Oriole Road, Copake, New York shall be the property of the defendant. The parties shall retain all other personal property in their possession free and clear of any claim by the other party.
DIVISION OF DEBTS
The defendant shall be responsible for the debts on his financial affidavit and the plaintiff shall be responsible for the debts on her financial affidavit. CT Page 6685
PENSIONS, IRA ACCOUNTS, CHECKING AND SAVINGS ACCOUNTS
Each party shall retain their own pensions, IRA account, 401K accounts, checking and savings accounts, deferred savings accounts and retirement accounts, as listed on their respective financial affidavits, free and clear of any claim by the other except that the certificate of deposit in the amount of $3,250 listed on the defendant's financial affidavit be divided equally between the parties.
ATTORNEY'S FEES
The parties shall each be solely responsible for their own attorney's fees.
OTHER ASSETS
The parties shall retain any and all other assets not otherwise referred to above free and clear of all claims of the other party.
MISCELLANEOUS
Each party shall sign any necessary documents to the orders contained herein.
Cremins, J.